IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MARY SUE ROBERTS,

                Plaintiff,

v.                                              CIVIL ACTION NO.   5:15-cv-02099

JAY A. ROBERTS and
ASHLEY ROBERTS MCNAMARA,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendants' *Motion to Dismiss* (Document 9), the *Memorandum of Law of Jay A. Roberts and Ashley Roberts McNamara in Support of Motion to Dismiss* (Document 10), *Plaintiff Mary Sue Roberts' Reply Memorandum to Defendants' Motion to Dismiss* (Document 13), the *Defendants' Reply in Support of Motion to Dismiss* (Document 14), and all attached exhibits.   For the reasons stated herein, the Court finds that the motion to dismiss must be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Plaintiff, Mary Sue Roberts, initially filed her *Complaint* (Document 24) on August 26, 2014, as an adversary proceeding in her pending Chapter 13 bankruptcy case (U.S. Bankruptcy Court Case No. 5:14-bk-50147).   Defendants Jay A. Roberts and Ashley Roberts McNamara filed a motion to withdraw the reference, which the Court granted on February 24, 2015.

This Court previously heard a dispute between Mary Sue Roberts and her children, Jay A. Roberts and Ashley Roberts McNamara, in Civil Action No. 5:13-12569.   That dispute centered on the Della I. Roberts Trust and certain assets held therein.   The Court found that it lacked jurisdiction to hear the matter because the Trust was properly administered in Colorado, and a Colorado court had already begun adjudicating certain aspects of the dispute.   *See Memorandum Opinion and Order*, Document 31, in Case No. 5:13-cv-12569.

By way of brief background, the Della I. Roberts Trust was formed in Colorado in 1996. James Roberts, the late husband of Mary Sue Roberts and father of Jay Roberts and Ashley Roberts McNamara, was the Trustee.   James and Mary Sue Roberts were beneficiaries, as were their three children, Jay Roberts, Ashley Roberts McNamara, and Andrew Roberts.   James Roberts died in 2012.   It became clear after his death that he had mismanaged the Trust, making withdrawals for personal expenses, depositing unrelated funds, and failing to comply with many terms of the Trust.   After their father's death, Jay Roberts, Ashley Roberts McNamara, and Andrew Roberts removed Mary Sue Roberts as Trustee, and Jay Roberts and Ashley Roberts McNamara were named as Trustees.

The Plaintiff asserts in her complaint that the Defendants, in their capacity as Trustees of the Della I. Roberts Trust, proposed an inequitable division of trust assets.   In particular, the Plaintiff contests the treatment of: (a) $392,057.86 she inherited from her mother, placed in the Trust by her late husband, (b) monies from the Varner Trust,[1] placed in the Trust by her late husband, and (c) her residence in Greenbrier County, which her late husband placed in the Trust for a period of time.   She expresses concern that "the substitute Trustees are claiming that [money

---

[1] The Varner Trust was a separate Trust over which James Roberts was Trustee.   It left funds to James and Mary Sue Roberts.

owed to the Trust as a result of her late husband's mismanagement] should be held as a constructive trust against Mary Sue Roberts' real property in West Virginia." (Compl. at 7.)  She points out that applying the funds from the Varner Trust in a different manner could result in a positive balance, eliminating any debt owed to the Trust. (*Id.* at 9.)  Finally, the Plaintiff "contests the award of attorney fees and costs to Defendants by the Colorado Court." (*Id.*)

## DISCUSSION

The Defendants assert that this matter should be dismissed for lack of subject matter jurisdiction and/or on the basis of collateral estoppel. They argue that the Court's previous holding in case number 5:13-cv-12569 mandates dismissal here as well. The Court previously found that it lacked jurisdiction over the Della I. Roberts Trust. The Defendants assert that this matter is intertwined with the issues being litigated in Colorado regarding that trust. The Plaintiff argues in response that the current litigation relates to the Varner Trust, Mary Sue Roberts' real property in Greenbrier County, West Virginia, and attorney fees. She argues that those issues were not previously before this Court and that jurisdiction is proper here.

The Court finds that it lacks jurisdiction over the matters raised in the complaint. As this Court previously determined, the state court in Colorado has jurisdiction over the Della I. Roberts Trust. The Plaintiff's attempts to divide the matter before that court into sub-issues to be litigated elsewhere are unavailing. The contentions regarding the Varner Trust relate to the Colorado Court's treatment of money—derived from the Varner Trust—that was deposited and held in the Della I. Roberts Trust. The Colorado Court also made certain proposed findings with respect to the Greenbrier County property. Those findings may be subject to the outcome of the Plaintiff's

bankruptcy proceeding, but this Court cannot review or alter the decisions of a state court in Colorado.   Likewise, the attorney fees contested here were preliminarily awarded by the Colorado Court.   Any challenge to the propriety of attorney fees ultimately awarded must be made to the appropriate Colorado appellate court.

## CONCLUSION

WHEREFORE, following careful consideration and for the reasons stated herein, the Court **ORDERS** that the Defendants' *Motion to Dismiss* (Document 9) be **GRANTED** and that this matter be **DISMISSED.**

The Defendants have filed a *Motion for Sanctions* (Document 21), asserting that the Plaintiff and her attorneys acted in bad faith to frivolously multiply proceedings.[2]   The Court declines the opportunity to grant sanctions in this matter at present.   Having found that the Court lacks jurisdiction over this matter, the Court **ORDERS** that any pending motions be **TERMINATED AS MOOT.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record, any unrepresented party, and to the Honorable Ronald G. Pearson, United States Bankruptcy Judge for the Southern District of West Virginia.

ENTER:        August 5, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

2 The motion for sanctions was filed on July 31, 2015; no response has been filed to date.